UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case No. ____________

Dan Ferguson and Kristin Causby or any successors as Trustees of the I.B.E.W. 292 Health Care Plan, (individually and as the receiving agency), the Electrical Workers Local No. 292 Pension Plan, the Electrical Workers Local No. 292 Defined Contribution and 401(k) Plan, the Electrical Workers Local No. 292 Supplemental Unemployment Benefit Plan, the Electrical Workers Local No. 292 Vacation and Holiday Trust Fund, the Minneapolis Electrical Joint Apprenticeship and Training Trust Fund and the LMCC,

vs.

Modern Electrical Solutions Inc.,

Defendant.

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the I.B.E.W. 292 Health Care Plan, (individually and as the receiving agency), the Electrical Workers Local No. 292 Pension Plan, the Electrical Workers Local No. 292 Defined Contribution and 401(k) Plan, the Electrical Workers Local No. 292 Supplemental Unemployment Benefit Plan, the Electrical Workers Local No. 292 Vacation and Holiday Trust Fund, the Minneapolis Electrical Joint Apprenticeship and Training Trust Fund, and the LMCC ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974

("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Modern Electrical Solutions, Inc. is a Minnesota business corporation with a registered address of 1600 County Highway 10, Spring Lake Park, Minnesota 55432. Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. In January 2015, Defendant designated the Minneapolis Chapter NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved inside labor agreement between the Minneapolis Chapter NECA and Local Union 292, IBEW. In doing so, Defendant agreed to comply

with, and be bound by, all the provisions contained in said current and subsequent approved labor agreements. To date, Defendant has not revoked this delegation.

8. Pursuant to this delegation of bargaining authority, Defendant is bound to the terms of the Inside Construction and Maintenance Agreement, a collective bargaining agreement negotiated between the Minneapolis Chapter, National Electrical Contactors Association and the International Brotherhood of Electrical Workers Local Union No. 292, A.F.L. – C.I.O. with a term of May 1, 2024 through April 30, 2027 (“CBA”), the terms of which are incorporated herein by reference.

9. The CBA requires Defendant to make contributions to the Funds in accordance with its terms. These contributions must be made on behalf of all employees covered by the CBA in amounts set forth in the CBA for the purpose of funding Defendant’s employees’ benefits.

10. Pursuant to the CBA, the I.B.E.W. 292 Health Care Plan has been appointed as the receiving agent for the purpose of receiving all contributions and reports required by the CBA.

11. Defendant is required to compute its contribution owed to the Funds on a remittance report and to and pay that amount to Plaintiffs or their receiving agency on or before the 15th day of the month following the month in which work was performed.

12. An Employer shall be considered delinquent for a particular work month if its report and full payment for that month are not postmarked on or before the due date specified in the CBA.

13. The CBA states that any contribution payments received after their due date are subject to a liquidated damages penalty as specified in the CBA.

14. The CBA provides that Defendant is bound by the delinquency collection procedures established by the Trustees of the Funds. In that regard, the Plaintiffs have established delinquency collection procedures entitled Statement of Policy on Payroll Auditing and Collection of Delinquent Accounts, the terms of which are incorporated herein by reference.

15. Pursuant to the Statement of Policy on Payroll Auditing and Collection of Delinquent Accounts, delinquent employers are required to pay liquidated damages as specified in the CBA, interest on the unpaid contributions at the rate set forth in the CBA or as proscribed by ERISA Section 502, and all attorneys' fees and costs incurred by the Plaintiffs in collecting the delinquent contributions.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT CONTRIBUTIONS

16. The Funds re-allege and incorporate by reference paragraphs 1-15 herein.

17. Defendant breached the terms of the CBA by failing to pay the total amounts due for contributions for the months of November 2025 and December 2025.

18. Defendant made one partial payment for the month of November 2025, for which it is entitled to a credit.

19. Upon information and belief, on and after November 1, 2025, Defendant continued to employ individuals performing work covered by the CBA for which contributions may be due and owing.

20. As such, throughout the pendency of this litigation, remittance report forms and contributions will continue to become due on the 15th day of each month.

21. Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit remittance report forms and will be required to remit payment for the benefit contributions due pursuant to the hours disclosed.

22. If Defendant fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees.

23. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

24. Defendant should be enjoined from further refusal and failure to remit reports and contributions.

25. Pursuant to the CBA and the Statement of Policy on Payroll Auditing and Collection of Delinquent Accounts, Defendant is liable to the Plaintiffs for liquidated damages on the unpaid contributions for the months of November and December 2025 and any other months that becomes due during the pendency of this litigation.

26. Pursuant to the CBA and the Statement of Policy on Payroll Auditing and Collection of Delinquent Accounts, Defendant is liable to the Plaintiffs for interest on the unpaid contributions for the months of November and December 2025, and any other months that becomes due during the pendency of this litigation.

27. Pursuant to the CBA and the Statement of Policy on Payroll Auditing and Collection of Delinquent Accounts, Defendant is liable to the Plaintiffs for all attorneys' fees and costs incurred by the Plaintiffs in collecting the delinquent contributions.

**COUNT II**
**ERISA DAMAGES**

28. The Funds re-allege and incorporate by reference paragraphs 1-26 herein.

29. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

30. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

31. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant as follows:

1. For a judgment for the unpaid contributions due and owing for the months of November and December 2025 plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

2. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Dated: February 10, 2026

**SHUMAKER LOOP & KENDRICK, LLP**

By *__/s/ Christy E. Lawrie__*

Amy L. Court (# 319004)
Christy E. Lawrie (#388832)
60 South Sixth Street, Suite 2535
Minneapolis, MN 55402
Telephone: (612) 605-9125
acourt@shumaker.com
clawrie@shumaker.com

*Attorneys for the Plaintiffs*